UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

TODD GOMEZ,                          )     CASE NO. 3:06 CV 1574
                                     )
          Petitioner,                )     JUDGE KATHLEEN M. O'MALLEY
                                     )
     v.                              )
                                     )     MEMORANDUM OF OPINION
WARDEN, MCF,                         )     AND ORDER
                                     )
          Respondent.                )

     On June 27, 2006, this habeas corpus action was
transferred from the United States District Court for the Western
District of Missouri.  Petitioner Todd Gomez challenges his 1992
convictions in the Defiance County Common Pleas Court, pursuant to
a guilty plea, for aggravated burglary and felony theft.  For the
reasons stated below, the petition is denied and this action is
dismissed.

     A federal district court may entertain a petition for a
writ of habeas corpus by a person in state custody only on the
ground that the custody violates the Constitution or laws of the
United States.  Furthermore, the petitioner must have exhausted all
available state remedies.  28 U.S.C. § 2254.  Finally, persons in
custody pursuant to a state court judgment must file any federal
habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that over 13 years passed from the date of Gomez's convictions to the filing of this action.  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


/s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: 31 August 2006